UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 3:10-cv-02970-JFA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROGERS STEEL COMPANY, JOSEPH O. | ) | |
| ROGERS, AND ROGERS STEEL | ) | |
| COMPANY SIMPLE IRA PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her

authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and

1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29

U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants Rogers Steel

Company ("Rogers Steel"), Joseph O. Rogers ("Rogers"), and the Rogers Steel Company

Simple IRA Plan (the "Plan") (Rogers Steel and Rogers shall be collectively referred to

as the "Defendants"). The Secretary and Defendants have agreed to resolve all matters in

controversy between the Secretary and Defendants in this action pursuant to the terms

and conditions of this Consent Judgment and Order. The parties consent to entry of a

Judgment and Order by this Court in accordance herewith.

A.    The Secretary's Complaint alleges that Defendants breached their

fiduciary duties with respect to the Plan by failing to discharge their duties under the Plan

and by violating provisions of Sections 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106, as set forth in the Complaint.

      B.     Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

      C.     Defendants neither admit nor deny the allegations in the Complaint.

      D.     Defendants admit that they were, or were at all times relevant to this action, acting as fiduciaries within the meaning of 11 U.S.C. § 523(a)(4). Defendants further admit that their conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

      E.     Defendants expressly waive any and all claims of whatsoever nature that Defendants have or may have against the Secretary, or any of her officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

      F.     This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves all claims arising out of this action as between the Secretary and Defendants.

      G.     The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to

2

the entry of this Order as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1.    The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2.    Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3.    Defendants are permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA.

4. As a result of their fiduciary breaches, Defendants have caused the Plan losses of $7,553.95, plus interest on those funds of $1,419.50 through August 31, 2011, calculated at the higher of the applicable Internal Revenue Code section 6621 Rate or the Plan's rate of return.

5.    Defendant Rogers shall make restitution to the Plan in the amount of $8,973.45 to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries. This amount shall be paid as set forth in Paragraphs 6-7 below.

6.    Defendant Rogers shall make 12 equal monthly installment payments of $747.79. Such payments shall be made to the Plan and sent to the attention of the successor fiduciary of the Plan, as identified below in paragraph 8. The first payment shall be made on or before September 1, 2011. Each subsequent payment shall be made

3

on or before the 1st day of the following month (October 1, November 1, and so forth).

The final payment shall be made on or before August 1, 2012.

7.    In the event that Defendant Rogers fails to make any of the installment payments described in Paragraph 6, above, in full on or before the due date for that payment, the entire remaining unpaid balance of the amount set forth in Paragraph 5 shall become due immediately, without further notice or demand by the Secretary, with both Rogers and Rogers Steel jointly and severally liable for all restitution owed to the Plan. Furthermore, in such an event, post judgment interest shall be assessed against any remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the due date of the delinquent installment payment until the entire balance is paid in full.

8.    M. Larry Lefoldt of Lefoldt & Company, P.A., is appointed as successor fiduciary for the Plan and:

a.    The successor fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

b.    The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the successor fiduciary's duties.

c.    The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

d.    The successor fiduciary shall be entitled to receive reasonable fees and expenses for his services, payable from Defendant Rogers. Prior to obtaining

4

payment for services and expenses authorized pursuant to this consent judgment, the successor fiduciary shall file with the Court, with copies to all parties, invoices for such fees and expenses at such times and on such a schedule as the successor fiduciary, in his sole discretion, deems appropriate. Defendants acknowledge and agree that the invoice will be considered properly delivered if it is deposited in the United States mail, addressed to: 1333 Belmont Drive, Columbia, South Carolina 29205.

   e.  If no party or the Court objects within 15 days of service of any invoice, full payment of such invoice shall be made by Defendant Rogers, and received by the successor fiduciary, not later than the 16th day following the date of the invoice. Interest shall accrue on any past due amount at the rate of 18% per annum, compounded daily. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

   f.  Defendants shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored, that are reasonably necessary to perform the duties of the successor fiduciary.

   g.  The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

   h.  The successor fiduciary in the performance of his duties may retain such assistance as he may require, including attorneys, accountants, actuaries and other service providers.

5

i.     The payment of administrative expenses and all fees to the successor fiduciary, his assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan.

j.     The successor fiduciary or his agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured or vested prior to the appointment of the successor fiduciary.

k.     The successor fiduciary is to comply with all applicable rules and laws.

9.     Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to Section 502(l) of ERISA, 29 U.S.C. § 1132(l). The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. The parties agree that the "applicable recovery amount" is the amount of $8,973.45. Defendants shall pay to the Department of Labor the civil money penalty in the amount of $1,794.69, pursuant to Section 502(l) of ERISA, 29 U.S.C. § 1132(l), upon assessment of such penalty by the Department of Labor.

10.     This Consent Judgment resolves all claims against Defendants in Plaintiff's Complaint, with the following exceptions:

a.     This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

b.     This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

6

11.    Each party shall bear its own costs and expenses, including attorney's

fees, arising in connection with any stage of the above-referenced proceeding including,

but not limited to, attorney=s fees which may be available under the Equal Access to

Justice Act, as amended.

This *17th* day of *August*, 2011.

_____
United States District Judge

Defendants consent to entry of
the foregoing Judgment:

JOSEPH O. ROGERS, III

By:  _____
JOSEPH O. ROGERS, III
Individual

ROGERS STEEL COMPANY

By:  _____
JOSEPH O. ROGERS, III
President/Owner

Plaintiff moves entry of
the foregoing Judgment:

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By:  _____
KRISTINA T. HARRELL
Trial Attorney

Attorneys for the Plaintiff

7